UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDUARDO BENAVIDES, *pro se* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-2026 (RWR) ECF |
| BUREAU OF PRISONS, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

Plaintiff brings this claim under the Freedom of Information and Privacy Act ("FOIA/PA"), 5 U.S.C. §§ 552, 552a. The chronological and factual background is fully set forth in Defendant's Statement of Material Facts Not in Genuine Dispute attached hereto. This action arises out of FOIA/PA request letters Plaintiff sent to the Federal Bureau of Prisons ("BOP").[1] Defendant BOP should be dismissed because it has made a reasonable search in response to Plaintiff's request and has released all responsive, non-exempt material to Plaintiff. See Collins Dec. ¶ 19. BOP has released responsive documents to Plaintiff with redactions, in whole or in part, pursuant to valid FOIA/PA exemptions – some due to Plaintiff's failure to provide the required third-party consent. See Collins Dec. ¶ 14-20. Plaintiff therefore has no remaining claims against Defendant for which relief may be granted.

## I.   LEGAL STANDARDS OF REVIEW

### A. MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

Summary judgment is appropriate when "the pleadings, the discovery and disclosure

---

[1] The July 30, 2009 FOIA request processed by the BOP is a combination of several letters, of various dates, submitted by the Plaintiff, and BOP's November 24, 2009 response addressed each record requested in those letters. However, Plaintiff's Complaint raises only the alleged improper withholding of records requested in the letters dated May 5, 2009 and July 15, 2009. See Complaint at ¶ 5-6.

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where no genuine dispute exists as to any material fact, summary judgment is required. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To determine which facts are material, the Court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-moving party may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for Plaintiff." 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would

permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1). The summary judgment standards set forth above also apply to FOIA/PA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA/PA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).

### B. SUMMARY JUDGMENT IN FOIA CASES

For purposes of summary judgment in a FOIA matter, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the courts. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and, if applicable, that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA/PA case by providing the Court and Plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure. Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v.

U.S. Dep't of Army, 611 F.2d 738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA/PA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)). See also Public Citizen Inc. v. Dep't of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

## II. ARGUMENT

In this action, Plaintiff has asserted that he has a statutory right to records withheld from him by BOP.[2] See Complaint ¶ 7. Plaintiff's claim fails as a matter of law. First, Plaintiff's FOIA claim against BOP fails because Defendant conducted adequate searches for records and its withholdings were proper. Furthermore, Plaintiff has not provided the requisite third-party consent required to obtain copies of his requested recordings. Finally, Defendant has released all reasonably segregable material. Plaintiff has thus obtained all of the records to which he is entitled in connection with his FOIA/PA requests to Defendant. Accordingly, Defendant is entitled to summary judgment as to all of the claims that have been asserted in this action.

### A. DEFENDANT'S SEARCH FOR RECORDS WAS ADEQUATE

In responding to a FOIA/PA request, an agency must conduct a reasonable search for responsive records. Valencia-Luncena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Servs., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg

---

[2] Plaintiff seeks declaratory relief, an order requiring Defendants to make records available, the costs of this action, and other relief deemed proper by the Court. See Complaint p. 2-3.

4

v. U.S. Dep't of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce a wealth of responsive information. Id. at 777 n.4. An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. Oglesby, 920 F.2d at 68. Consistent with the reasonableness standard, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent and reasonable. Nation Mag. v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995). Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985); Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927

(1980). Although the agency has the burden of proof on the adequacy of its search, the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard, 926 F.2d at 1200). Thus, once the agency has met its burden regarding adequacy of its search, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. See Carney, 19 F.3d at 813; SafeCard, 926 F.2d at 1200; Maynard, 986 F.2d at 559-60. As discussed below, Defendant has met the standard of conducting reasonable searches in response to Plaintiff's multiple FOIA/PA requests and is, therefore, entitled to summary judgment.

The BOP declaration establishes that its search method was reasonably calculated to uncover all records in its possession responsive to Plaintiff's FOIA/PA requests. Pursuant to his FOIA/PA request to BOP, Plaintiff sought any and all records relating to recorded telephone conversations between Plaintiff and his attorney from February 25 to October 31, 2008, as well as June 5 and June 23, 2009, while incarnated the Federal Correctional Complex ("FCC") in Beaumont, Texas and the Federal Correctional Institution ("FCI") in Bastrop, Texas. See Collins Dec. ¶¶ 4-5, 8. Plaintiff's FOIA/PA request was broadly construed by BOP as a request for both the recordings themselves and any records containing the telephone transactional data regarding these calls. See Collins Dec. ¶ 8.

After entering the request into the BOP's FOIA Database, Paralegal Specialist Larry Collins requested records responsive to Plaintiff's FOIA request from staff at both the FCC and the FCI. Id. at ¶ 9. Pursuant to several follow-up requests, staff at the FCC and FCI conducted a search of all records likely to contain material responsive to Plaintiff's request regarding both the

6

recording and the transactional data regarding the telephones calls included in Plaintiff's FOIA request.  See Collins Dec. ¶¶ 10-13.

BOP staff in both FCC and FCI searched all systems within BOP that may have contained materials responsive to Plaintiff's request.  BOP has two main computer systems, TRUFONE and TRUVIEW, that allow BOP to manage inmate telephone calls.  See Collins Dec. ¶ 16.  The TRUFONE system is the system for tracking, monitoring, and recording inmate telephone calls.  Id.  The TRUVIEW system is an application used primarily by investigative staff to access information maintained on the TRUFONE system.  Id.  Recorded conversations are maintained on the Telephone Activity Records System ("TARS") for the purpose of monitoring inmate telephone activity and conducting investigations regarding violations of illegal activities or suspected illegal activities being conducted, coordinated, or directed from within a BOP facility.  See Collins Dec. ¶ 17.

A search of these systems and local files by FCC Beaumont indicated that the requested recordings were no longer available on TARS because recorded conversations are maintained digitally on the system for a period of six months from the date of creation, at which time they are overwritten with new data.  See Collins Dec. ¶ 10 n. 1.  However, FCC Beaumont was able to locate three pages of computer print-outs containing transactional data for the responsive telephone calls that Plaintiff made while incarcerated at FCC Beaumont.  Id. at ¶ 10.

FCI Bastrop also conducted a similar search, using the above-mentioned systems, and located two recordings responsive to Plaintiff's request – a June 6, 2009 recording and a June 23, 2009 recording.  See Collins Dec. ¶ 11.  Other requested recordings were older than six months and were therefore unavailable because they had already been overwritten with new data.  Id.  Finally, FCI Bastrop located 13 pages of computer print-outs containing the transactional data

for the responsive telephone calls that Plaintiff made while incarcerated at FCI Bastrop.  Id. at ¶ 13.

BOP construed Plaintiff's request for recorded telephone conversations broadly and searched its investigative files and computer systems for all records regarding the recorded telephone calls requested by Plaintiff.  See Collins Dec. ¶¶ 9-13, 16-17; see also Antonelli v. Federal Bureau of Prisons, 591 F. Supp. 2d 15, 29 (D.D.C. 2008) (providing BOP's declaration with a presumption of good faith and concluding that the BOP search for documents and recordings regarding FOIA request was adequate).  For these reasons, BOP's search was adequate.

## B. DEFENDANT'S WITHHOLDINGS WERE APPROPRIATE

As shown below, Defendant's withholding decisions were entirely appropriate.  Moreover, Defendant has disclosed all reasonably segregable, non-exempt portions of the records that it reviewed.  Thus, this Court should sustain Defendant's FOIA withholdings in this matter.

### 1. BOP Properly Invoked FOIA Exemption (b)(2)

After reviewing 16 pages responsive to Plaintiff's FOIA Request Number 2009-10149, BOP determined that all 16 pages were properly withheld in part pursuant to FOIA exemption (b)(2).  See Collins Dec. ¶ 16; Attachment 10.  For the reasons below, these withholdings by BOP, pursuant to (b)(2), were appropriate.

Exemption (b)(2) protects from disclosure information that is "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Exemption (b)(2) has been interpreted to protect two categories of information:  (1) internal agency matters so routine or trivial that they are "of no genuine public interest"; and (2) internal agency matters

that, if disclosed, "may risk circumvention" of the law. Schiller v. N.L.R.B., 964 F.2d 1205, 1207 (D.C. Cir. 1992); see Peay v. Department of Justice, 2007 WL 788871, at *2 (D.D.C., March 14, 2007); Truesdale v. U.S. Dept. of Justice, 2005 WL 3294004, at *4 (D.D.C., Dec. 5, 2005); Judicial Watch, Inc. v. Dep't of Commerce, 337 F. Supp. 2d 146, 165 (D.D.C. 2004).

BOP invoked the (b)(2) exemption to withhold user identification codes used to access the BOP's TRUFONE and TRUVIEW computer systems. See Collins Dec. ¶ 16. Both systems are utilized by BOP to monitor inmate telephone calls in order to investigate criminal or suspected criminal activities within BOP facilities. See Collins Dec. ¶¶ 16-17. These codes are used by investigative staff to access information maintained on these systems. Id. at ¶ 16. The TRUFONE and TRUVIEW systems can only be accessed by authorized BOP staff utilizing their assigned user identification code and password. Id. Release of these user identification codes would increase the risk of unauthorized access to these computer systems. Id.

BOP properly withheld the above information pursuant to the (b)(2) exemption. All of the information is related to the internal practices of the BOP, and its disclosure would be of no genuine public interest. See Maydak v. U.S. Dept. of Justice, 254 F. Supp. 2d 23, 35-36 (D.D.C. 2003) (concluding that the BOP properly withheld internal user codes pursuant to the (b)(2) exemption because the disclosure could provide inmates access to the system and is of no interest to the general public); see also Ferranti v. Bureau of Alcohol, Tobacco and Firearms, 177 F.Supp. 2d 41, 46 (D.D.C. 2001) (holding that ATF's internal computer codes were properly redacted under FOIA exemption (b)(2)).

Disclosure of this information would risk circumvention of the law—individuals involved in criminal activities could use this information to break into computer systems containing investigative information. Such a breach could allow criminals to predict the ways in which they

will be investigated, to tailor their behavior to avoid detection, or to identify law enforcement officials. Thus, BOP properly withheld the user identification codes pursuant to the (b)(2) exemption. Judicial Watch, Inc. v. Dep't of Commerce, 337 F. Supp. 2d 146, 165 (D.D.C. 2004) (observing that information is properly withheld under the (b)(2) exemption where "disclosure will benefit those attempting to violate the law and avoid detection" (internal quotation marks omitted)).

### 2. BOP Properly Invoked FOIA Exemption (b)(7)(C)

Exemption (b)(7)(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In order to trigger the balancing of public interests against private interests, a FOIA requester must (1) "show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and (2) " show the information is likely to advance that interest." Boyd v. Criminal Division of U.S. Dept. of Justice, 475 F.3d 381, 366, (D.C. Cir. 2007), citing Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 172, (2004). If the public interest is government wrongdoing, then the requester must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." Favish at 174.

The BOP satisfies the standard for invoking Exemption 7 of the FOIA because of its law enforcement mission and responsibilities for protecting inmates, staff, and the community. See Collins Dec. ¶ 15; see also 28 C.F.R § 511.10 – 511.12, 552.10 – 552.14. Exemption 7(C) of FOIA exempts from mandatory disclosure information compiled for law enforcement purposes

when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  The Supreme Court affirmed the broad scope of Exemption 7(C) in National Archives and Records Admin. v. Favish, 541 U.S. 157 (2004).

When a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987), citing Pratt v. Webster, 673 F.2d 408, 418 (D.C. Cir. 1982).  A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" Keys, 830 F.2d at 340, *quoting* Pratt, 673 F.2d at 421.  Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files.  See, e.g., U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-80 (1989).  Only where the requester can produce meaningful evidence  –  "more than a bare suspicion" – which would cause a reasonable person to believe that the government had engaged in impropriety should the Court even consider balancing the privacy interests against the public interest in disclosure.  Favish, 124 S. Ct. at 1581.  Plaintiff here cannot allege any such impropriety.

A review of the declaration provided by BOP demonstrates that the withheld recorded telephone conversations include the conversation of third parties for which no privacy waiver has been supplied.  See Collins Dec. ¶¶ 14, 18.  The law is well-settled that third parties have substantial, protectable privacy interests.  Nation Magazine v. U.S. Customs Serv., 71 F.3d 885,

11

893, 895-96 (D.C. Cir. 1995); Computer Professionals for Social Responsibility, 72 F.3d 897,904 (D.C. Cir. 1996); Farese v. U.S. Dept. of Justice, 683 F. Supp. 273, 275 (D.D.C. 1987); Lesar v. U.S. Dept. of Justice, 636 F.2d 472, 487-88 (D.C. Cir. 1980).  The Collins Declaration reflects clearly that Exemption 7(C) was appropriately applied in this case to protect the third party privacy interests contained within the recordings responsive to Plaintiff's request.

BOP invoked Exemption (b)(7)(C) to withhold the June 6, 2009 and June 23, 2009 recorded telephone conversations in full.  See Collins Dec. ¶ 14; Attachment 9.  In its November 24, 2009, response to Plaintiff's request, BOP explained that the two recordings responsive to Plaintiff's request could only be released to an unincarcerated third party upon receipt of consent for the release of information from all parties to the telephone conversations.  Id.  Furthermore, BOP's response noted that if such consent could not be obtained, the response should be considered a denial of the release of the recorded telephone conversations pursuant to FOIA Exemption (7)(C).  Id.

In deciding to withhold this material, BOP balanced the privacy interests of these individuals against the public interest in the information.  See Collins Dec. ¶ 17.  Plaintiff failed to provide BOP with any public interest in this information, and therefore, BOP concluded that there was no public interest in the release of this information because dissemination would not help explain the operations of BOP.  Id.  On the other hand, BOP concluded that there was a substantial privacy interest in information about individuals that is maintained in a federal law enforcement file.  Id.  Without the consent form, the only interest served by disclosure would be Plaintiff's personal interest in this information.  Id.  This is simply not enough to overcome the proper invocation of Exemption (7)(C) in this matter.

For each of these withholdings, BOP balanced the interest in disclosure against the

above-mentioned interests in privacy and determined that there was no public interest that outweighed the privacy interests of these individuals. See Collins Dec. ¶ 17. This Court has previously approved BOP's withholdings of recorded conversations in their entirety in the absence of the third party's consent to the release. See Antonelli v. Federal Bureau of Prisons, 591 F. Supp. 2d 15, 27 (D.D.C. 2008); Swope v. U.S., 439 F. Supp. 2d 1, 5-8 (D.D.C. 2006); McMillian v. Federal Bureau of Prisons, 2004 WL 4953170 *7-8 (D.D.C., July 23, 2004). BOP also noted that Plaintiff neither submitted privacy waivers for third parties, nor asserted any discernible public interest in the release of this information. See Collins Dec. ¶¶ 14, 17-18. For these reasons, BOP properly invoked Exemption (b)(7)(C).

### 3. Defendant Has Released All Reasonably Segregable Material

Defendant has provided Plaintiff with all reasonably segregable records. Under FOIA, if a record contains information that is exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). However, non-exempt portions of records do not need to be disclosed if they are "inextricably intertwined with exempt portions." Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. Armstrong v. Exec. Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996); Canning v. United States Dep't of Justice, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).

In the present matter, Defendant has established – with reasonable specificity – that all reasonably segregable, non-exempt information has been released to Plaintiff. BOP does not have the capacity or equipment to segregate the exempt and non-exempt portions of the recorded

telephone conversations requested by Plaintiff. See Collins Dec. ¶ 18. Thus, the recorded conversations are not "reasonably segregable" and, without the consent of the third parties, release of the unedited conversations would result in an unwarranted invasion of privacy of the other parties to the conversations. Id. Therefore, this Court should find that the Defendant has established, with reasonable specificity, that all reasonably segregable, non-exempt information has been released to Plaintiff.

### C. PLAINTIFF IS NOT ENTITLED TO ATTORNEY FEES

The FOIA statute includes an attorney fees provision that provides an award of fees and costs incurred in litigating a case to a plaintiff that "substantially prevailed." See 5 U.S.C. § 552(a)(4)(E)(i), *amended by* OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. The D.C. Circuit has found that the Supreme Court's decision in Kay v. Ehrler, 499 U.S. 432 (1991), establishes that subsection (a)(4)(E)(i) of the FOIA does not authorize the award of fees to a *pro se* non-attorney plaintiff, because the "the word 'attorney,' when used in the context of a fee-shifting statute, does not encompass a layperson proceeding on his own behalf." Benavides v. BOP, 933 F.2d 257, 259 (D.C. Cir. 1993) (explaining the Kay decision); Sukup v. EOUSA, 2007 WL 2405716, at *1 (D.D.C. Aug. 23, 2007) ("*Pro se* plaintiffs may not recover attorney's fees under the FOIA.").

In order to be eligible for attorney fees, a FOIA non-attorney plaintiff must have a representational relationship with an attorney. In this case, plaintiff is proceeding *pro se* with his FOIA case, therefore he is not entitled to attorney fees. Moreover, because Plaintiff seeks these records for a private purpose, he is not entitled to fees or costs under FOIA. See Cotton v. Heyman, 63 F.3d 1115, 1123 (D.C. Cir. 1995) (declining an award of fees and costs after finding no public benefit from FOIA release and recognizing the reasonableness of the agency's

position). Finally, because Defendant has conducted an adequate search and has provided Plaintiff with all responsive, non-exempt materials, Defendant is entitled to summary judgment.

### III. CONCLUSION

Defendant, after conducting reasonable searches in response to Plaintiff's FOIA requests, has processed and released all non-exempt information from the records responsive to Plaintiff's request to BOP. Information has been properly withheld by BOP pursuant to FOIA Exemptions (b)(2), and (b)(7)(C). Accordingly, Defendant has released all nonexempt information to Plaintiff in response to his FOIA request. For the reasons set forth above, this Court should GRANT Defendant's Motion for Summary Judgment with respect to all claims against Defendant.

Dated: December 30, 2009                    Respectfully submitted,


                                            _/s/_____
                                            CHANNING D. PHILLIPS, D.C. Bar #415793
                                            Acting United States Attorney

                                            _/s/_____
                                            RUDOLPH CONTRERAS, D.C. Bar #434122
                                            Assistant United States Attorney


                                            _/s/_____
                                            JENNIFER M. OLKIEWICZ
                                            Special Assistant U.S. Attorney
                                            United States Attorney's Office
                                            Civil Division
                                            555 4th Street, NW
                                            Washington, D.C. 20530
                                            202-514-7185