**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                      |   |                               |
|----------------------|---|-------------------------------|
| EDUARDO BENAVIDES,   | : |                               |
|                      | : |                               |
| Plaintiff,           | : |                               |
|                      | : |                               |
| v.                   | : | Civil Action No. 09-2026 (JEB) |
|                      | : |                               |
| BUREAU OF PRISONS,   | : |                               |
|                      | : |                               |
| Defendant.           | : |                               |

**MEMORANDUM OPINION**

This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons discussed below, defendant's motion will be granted in part and denied in part, and plaintiff's motion will be denied.

I.  BACKGROUND

Plaintiff submitted two separate requests under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the Federal Bureau of Prisons ("BOP"), a component of the United States Department of Justice ("DOJ"), for information pertaining to "billing records and recorded telephone conversations of phone calls plaintiff made in prison to his attorney Robert O. Switzer."  Compl. ¶ 1.[1]

---

[1] For purposes of the FOIA, the term "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the Executive Branch of the Government . . ., or any independent regulatory agency."  5 U.S.C. § 552(f)(1).  The
(continued...)

### A. May 5, 2009 Request

By letter dated May 5, 2009, addressed to the Director of the BOP's South Central Regional Office ("SCRO"), plaintiff sought information pertaining to telephone calls he made while incarcerated at two BOP facilities in Texas. Compl. ¶ 1. In relevant part, the request stated:

> I am requesting . . . a copy of the recorded telephone conversations I made while in BOP, and record of dates and times the telephone calls were made. The phone number that is the subject to my request is (210) 299-1053. The calls were made from February 25 to August 8, 2008 at [Federal Correctional Complex ("FCC")] Beaumont – Medium, and from August 8, to October 31, 2008 at [Federal Correctional Institution ("FCI")] Bastrop.

*Id.*, Attach. (Freedom of Information Act Request). By letter dated July 9, 2009, SCRO staff notified plaintiff that his FOIA request must be submitted to the BOP's Director at the Washington, D.C. headquarters office. *Id.*, Attach. (letter from J.A. Sickler, Regional Counsel, SCRO).

### B. July 16, 2009 Request

On July 16, 2009, plaintiff addressed a second letter to BOP's Director which both referenced his May 5, 2009 letter and requested additional information. Compl., Attach. (FOIA Request). In relevant part, the second requested stated:

---

[1](...continued)
DOJ is an executive agency to which the FOIA applies, and the Court considers the DOJ as the proper party defendant.

> I am . . . expanding my request to include (2)
> additional calls made on 6/5 and 6/23/09,
> while at FCI Bastrop. The records of the
> calls made on 10/30 and 10/31/08, and 6/5 and
> 6/23/09 are the most pressing and needed for
> filing in court.

*Id.* at 1.

### *C. FOIA Request 2009-10149*

On July 30, 2009, the BOP's Central Office, FOIA Section, "received correspondence from [p]laintiff which contained letters dated June 19, July 12, and July 16, 2009, in addition to the May 5, 2009, letter and July 9, 2009, response." Def.'s Mem. of P. & A. in Supp. of the Mot. for Summ. J. ("Def.'s Mem."), Decl. of Larry Collins ("Collins Decl.") ¶ 5. "The separate letters . . . were processed as a single request as [they] were received on the same date, July 30, 2009, and the records sought by each letter were records [p]laintiff indicated he had previously requested from institution staff and been denied." *Id.* ¶ 9. The request was assigned a tracking number, 2009-10149, *id.*, and staff "forwarded electronic copies of these letters to the SCRO Regional Counsel's Office for response." *Id*. ¶ 5. The June 19, and July 12, 2009 letters, copies of which are submitted with defendant's dispositive motion, *see* Collins Decl., Attach. 4-5, are not mentioned in Plaintiff's complaint. The Court therefore addresses only the BOP's response to his requests for information pertaining to telephone calls which occurred on the dates set

forth in his complaint, "from 2/25/08 . . . to 6/23/09." Compl. ¶ 1.

SCRO's Regional Counsel learned that the requested recordings of telephone conversations which occurred while plaintiff was incarcerated at FCC Beaumont could not be produced because the Telephone Activity Recording System ("TARS") maintains recordings only for six months, a period which already had expired by the time staff conducted a search.[2] Collins Decl. ¶ 10. Instead, FCC Beaumont staff produced "a three-page computer print out containing transactional data for the responsive telephone calls[.]" *Id.* FCI Bastrop staff located "recordings of telephone calls made by [p]laintiff on June 6, and June 23, 2009," and explained that "recordings for the telephone calls made prior to six months of the date of the search were no longer available." *Id.* ¶ 11.[3] In addition, staff located "thirteen pages of computer printouts containing transactional data for all telephone calls [p]laintiff made while incarcerated at FCI Bastrop during the time frames noted on his request." *Id.*

---

[2] "Recorded telephone conversations are maintained digitally on [TARS] for a period of six months from the date created, at which time they are overwritten with new data." Collins Decl. ¶ 10 n.1.

[3] The Court presumes that the reference in the declaration to a recording of a telephone conversation occurring on June 6, 2009 is a typographical error. Based on representations elsewhere in the record, *see, e.g.,* Pl.'s Opp'n at 3; Collins Decl., Attach. 10 (*Vaughn* Index), Rec. No. 4, it appears that the telephone conversation occurred on June 5, 2009.

¶ 13. "No records were located in response to [p]laintiff's request for recorded telephone conversations for . . . calls he placed . . . between February 25, 2008, and October 31, 2008." *Id.* ¶ 14.

On November 24, 2009, "sixteen pages of telephone transactional data printouts . . . with the user identification codes redacted pursuant to [Exemption 2]" were released. *Id.* The recorded telephone conversations were withheld in full under Exemption 7(C), and plaintiff was notified that these recordings "could be forwarded to an un-incarcerated third party upon receipt of consent for the release of information from all parties to the telephone conversations." *Id.; see id.*, Attach. 9 (November 24, 2009 letter from J.A. Sickler) at 3. The declarant explained that the BOP "does not maintain equipment necessary for the editing of the digitally stored recordings," and for this reason it could not segregate plaintiff's non-exempt portion of the recordings from the exempt portion. *Id.* ¶ 18; *see id.*, Attach. 9 at 3.

Plaintiff represents that the "two recorded telephone conversations [which] took place on June 5, 2009 and June 23, 2009 . . . were conversations between [him] and Robert O. Switzer . . . [who] at the time [was plaintiff's] attorney in a criminal appeal." Pl.'s Mem. of P. & A. in Supp. of his Mot. for Summ. J. and in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n"), Ex. 3

(Benavides Decl.) ¶ 3. He further states that no other person participated in the calls, that Mr. Switzer acted solely as plaintiff's criminal attorney, and that the sole subject of the conversations was plaintiff's criminal appeal. *Id.* ¶¶ 3-4.

In this action, plaintiff demands a declaratory judgment, release in full of the requested records, and an award of costs and attorney's fees. Compl. at 2-3 (page numbers designated by the Court).

DISCUSSION

*Summary Judgment in a FOIA Case*[4]

Courts will grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if

---

[4] "Plaintiff challenges . . . only the withholdings of the June 5th and June 23rd recordings," Pl.'s Opp'n at 3, and the Court treats as conceded the BOP's arguments with respect to the adequacy of its search for records responsive to plaintiff's FOIA requests and its decision to withhold user identification codes under Exemption 2. In these respects, defendant's motion will be granted in part as conceded. *See Bonaccorsy v. Dist. of Columbia*, 685 F. Supp. 2d 18, 24 (D.D.C. 2010); *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (stating that if "a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded").

the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). In opposing a summary judgment motion, a party may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990), but rather must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 248 (citation and internal quotation marks omitted).

In a FOIA case, the Court may grant summary judgment based on information provided in an agency's affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within [a] claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

*Law Enforcement Records*

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982). The fact that the relevant agency's principal purpose is the enforcement of criminal law does not absolve it of its obligation to demonstrate that the records at issue were compiled for a law enforcement purpose. *Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982) (holding that the FBI "must meet the threshold requirements of Exemption 7 before [it] may withhold requested documents on the basis of any of its subparts"). To this end, the government generally "must identify a particular individual or incident as the object of the investigation and specify the connection of the individual or incident to a potential violation of law or security risk." *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1056 (3d Cir. 1995); *see Simon v. Dep't of Justice*, 980 F.2d 782, 783 (D.C. Cir. 1992) (quoting *Pratt*, 673 F.2d at 420-21). The "focus is on how and under what circumstances the requested files were compiled, and whether the

files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

The BOP's declarant avers that the BOP is a law enforcement agency the employees of which "perform inherently law enforcement functions," such as making arrests, executing searches on inmates and visitors to its institutions, and seizing evidence. Collins Decl. ¶ 15. Referring to its authority under 18 U.S.C. § 4042, the BOP also "is tasked with the law enforcement mission of protecting inmates, staff, and the community," and the declarant states that "the files of federal inmates are essential to BOP

staff in carrying out the law enforcement mission of the BOP."[5] *Id.*

The BOP's TRUFONE computer system tracks, monitors, and records inmate telephone calls, Collins Decl. ¶ 16, and inmate telephone conversations are maintained digitally on TARS, *id.* ¶ 10 n.1. The TRUVIEW system "is an application used primarily by investigative staff to access information maintained on the TRUFONE system." *Id.* ¶ 16. The BOP's declarant states that recordings of inmate telephone conversations are "maintained on the TARS for the purpose of monitoring inmate telephone activity and conducting investigations regarding . . . illegal activities or suspected illegal activities being conducted, coordinated or directed from within a BOP facility." *Id.* ¶ 17. The BOP claims

---

[5] Generally, the BOP shall:

> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
> (4) provide technical assistance to State and local governments in the improvement of their correctional systems; and
> (5) provide notice of release of prisoners[.]

18 U.S.C. § 4042(a).

to have "satisfie[d] the standard for invoking Exemption 7 . . . because of its law enforcement mission and responsibilities for protecting inmates, staff, and the community." Def.'s Mem. at 10.

Plaintiff counters that the BOP fails to meet its threshold requirement for withholding information under Exemption 7, that is, it fails to establish that the requested recordings were compiled for law enforcement purposes. Pl.'s Opp'n at 5. He maintains that the BOP "cannot merely point to its mission," *id.*, as a blanket reference to the agency's law enforcement duties does not establish that the recorded telephone conversations were compiled for law enforcement purposes. The Court concurs.

The D.C. Circuit has articulated a "two-part test whereby the government can show that its records are law enforcement records: the investigatory activity that gave rise to the documents is related to the enforcement of federal laws, and there is a rational nexus between the investigation at issue and the agency's law enforcement duties[,]" *Jefferson*, 284 F.3d at 177 (internal quotation marks and citation omitted), regardless of whether "the investigation . . . [led] to a criminal prosecution or other enforcement proceeding[,]" *Pratt*, 673 F.2d at 421. Here, the BOP suggests that its status as a law enforcement agency responsible for the welfare of inmates in its custody, its staff and the public at large, sufficiently

establishes that recordings of inmate telephone conversations are compiled for law enforcement purposes. Not so. The D.C. Circuit has rejected a *per se* rule of this sort. *See Pratt*, 673 F.2d at 416; *see also Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 926 (D.C. Cir. 2003) (stating that, notwithstanding DOJ's law enforcement specialty, "[t]o establish a law enforcement purpose, DOJ's declarations must establish (1) a rational nexus between the investigation and one of the agency's law enforcement duties; and (2) a connection between an individual or incident and a possible security risk or violation of federal law") (citation and quotation marks omitted)); *King v. Dep't of Justice*, 830 F.2d 210, 229 (D.C. Cir. 1987) (explaining that an FBI record did not automatically satisfy this threshold requirement "simply by virtue of the function the FBI serves").

"[W]hen an agency seeks to withhold information, it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Morley v. CIA*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (quoting *King*, 830 F.2d at 219) (internal quotation marks omitted). The BOP's supporting declaration neither identifies a particular individual or incident subject to an investigation nor connects a particular individual or incident to a potential violation of law. On this

-12-

record, without a declaration supplying "facts in sufficient detail to apply the *Pratt* rational nexus test," *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998), the Court cannot grant summary judgment for the BOP. *See, e.g., Banks v. Dep't of Justice*, 700 F. Supp. 2d 9, 18 (D.D.C. 2010) (denying summary judgment where the BOP "appear[ed] to rely solely on its status as a law enforcement agency as the premise from which the Court should conclude that any record it maintains was compiled for law enforcement purposes").

CONCLUSION

Defendant's motion for summary judgment will be granted in part and denied in part without prejudice and plaintiff's motion for summary judgment will be denied. There is no dispute that the BOP conducted a search reasonably calculated to locate records responsive to plaintiff's FOIA requests and that its decision to redact information under Exemption 2 is proper. However, because the BOP has not demonstrated that the requested recordings of telephone conversations were compiled for law enforcement purposes, defendant fails not only to justify its decision to withhold information under Exemption 7(C) but also to show that all reasonably segregable information has been released to plaintiff.

An Order accompanies this Memorandum Opinion.

Signed this 30th day of March, 2011.

                                                                                        /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge
                                        for
                                        JAMES E. BOASBERG
                                        United States District Judge-Designate